# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MALCOLM J. SANDERS,<br><br>        Petitioner,<br><br>v.<br><br>DYLON RADTKE, *Warden of Green Bay Correctional Institution*,<br><br>        Respondent. | Case No. 21-CV-229-JPS<br><br><br>**ORDER** |

  On February 20, 2021, Petitioner Malcolm J. Sanders ("Sanders") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his continued incarceration in the custody of the State of Wisconsin is a violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court with the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

  According to Sanders's petition and the state court docket, on March 29, 2017, Sanders was found guilty by a jury at trial for two counts of heroin

delivery in Kenosha County Circuit Court Case No. 2016CF677. He was sentenced on June 1, 2017, and is currently serving a seventeen-year sentence, five years of which may be served on extended supervision. On July 10, 2018, after several extensions, he filed an appeal. The Wisconsin Court of Appeals affirmed the trial court's decision on August 7, 2019. The Wisconsin Supreme Court denied review on November 13, 2019. On February 11, 2020, Sanders filed a petition for certiorari with the U.S. Supreme Court, which was denied on March 30, 2020.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

The U.S. Supreme Court denied certiorari on March 30, 2020, which left Sanders with one year after that date to file his habeas petition. This petition was filed on February 20, 2021, putting it within the one-year deadline prescribed by 28 U.S.C. § 2244(d)(1)(A). Accordingly, the petition is timely.

Next, the Court analyzes whether Sanders fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court

before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Sanders appears to have exhausted his state court remedies. On August 7, 2019, the Wisconsin Court of Appeals issued an order affirming Sanders's convictions. The Wisconsin Court of Appeals considered Sanders's argument that his jury was selected in violation of the Fourteenth Amendment's Equal Protection Clause—specifically, that the prosecutor did not offer a race-neutral reason for striking the only two Black jurors from the jury panel. The Wisconsin Court of Appeals considered whether "the prosecutor had racially discriminatory intent or purpose behind her decision to strike these two potential jurors." *State v. Sanders*, 933 N.W.2d 670, 676 (Wis. Ct. App. 2019) (citations and quotations omitted). Using the factors set forth in *State v. Lamon*, 664 N.W.2d 607 (Wis. 2003) and *Batson v. Kentucky*, 476 U.S. 79 (1986), the Court of Appeals considered whether (1) there was a prima facie showing that the prosecutor used her peremptory challenges to strike potential jurors on the basis of race; (2) whether the prosecutor advanced a race-neutral explanation for the strikes; and (3) whether, despite the race-neutral explanation, the defendant met his burden in proving "purposeful discrimination." *Sanders*, 933

N.W.2d at 677 (citations omitted). The prosecutor advanced the following reason for striking the jurors:

> Both of those individuals expressed having prior bad experiences with the police, and although in the end they indicated they could be fair, they were quite hesitant and seemed to express feelings based upon their personal experiences of not trusting law enforcement and maybe looking more skeptically at law enforcement testimony than other witnesses, and that is the reason they were struck[.]

*Id.* at 676. The prosecutor also struck two non-Black jurors for the same reason.

In evaluating whether the defendant had met his burden in showing purposeful discrimination, the trial judge explained,

> I don't think there is any reason for me to conclude it's because they are [B]lack. It may be that derivatively they have had bad experiences because they are [B]lack, but they are not being excluded now because they are [B]lack ....

*Id.*

The Court of Appeals focused its analysis on whether the defendant carried his burden of showing a purposeful discrimination and concluded that he had not. *Id.* at 678–79.

In his habeas petition, Sanders asserts that the only two Black jurors on the panel were excluded in violation of the Fourteenth Amendment's Equal Protection Clause. (Docket #1 at 3). Since the record reflects that this is the issue that the Wisconsin Court of Appeals considered and both the Wisconsin Supreme Court and U.S. Supreme Court declined to review, the Court concludes that it has been fully exhausted.

The Court will now analyze whether Sanders has procedurally defaulted on his claim. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of

state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Sanders's claim at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Sanders's petition. *Ray*, 700 F.3d at 996 n.1. The Court determines that Sanders's claim is not patently frivolous.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be

issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern

District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge